ESTATE of Andrew N. JAY,
a minor, Plaintiff,

v.

ASSOCIATES' HEALTH AND
WELFARE PLAN,
Defendant.

No. 00 C 0967.

United States District Court,
N.D. Illinois,
Eastern Division.

June 20, 2000.

Bart Durham, Attorney, Phillip B. Durham, Law Offices of Bart Durnham & Associates, Bolingbrook, IL, for Andrew N. Jay, plaintiffs.

Peter R. Bulmer, Michael Todd Graham, Jackson, Lewis, Schnitzler & Krupman, Chicago, IL, for Associates Health and Welfare Plan, defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

■ On February 14, 2000, plaintiff, the Estate of Andrew N. Jay, filed a Motion to Adjudicate Lien in the Circuit Court of the Twelfth Judicial Circuit, County of Will, Illinois, which requested the state court to adjudicate the lien of defendant, Associates' Health and Welfare Plan, by applying the Illinois Common Fund Doctrine and reducing the defendant's lien by one-third.[1] On February 16, 2000, defendant filed a Notice of Removal of Action to federal court maintaining that because plaintiff's underlying claim implicates rights under § 502(a)(3) of ERISA, plaintiff's state claim is completely preempted. Accordingly, defendant claimed that this court has original jurisdiction under 28 U.S.C.

§ 1331. On March 6, 2000, plaintiff moved to remand, asserting that because the Common Fund Doctrine is a claim that arises solely from state law, the claim should rightfully be resolved by an Illinois state court. For the reasons set forth below, plaintiff's Motion for Remand is granted.

### Background

On March 6, 1996, Andrew Jay, the dependant son of Jeanie Jay, was injured as the result of a dog bite. As an employee of Wal–Mart Stores Inc., Jeanie Jay and her dependents were covered by the defendant, a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. Pursuant to a Medical Loan Agreement, in which Jeanie Jay, on behalf of Andrew Jay, agreed to reimburse defendant to the extent of any settlement made relating to the dog-bite injury, defendant paid Andrew Jay's medical expenses, totaling $8,870.41. Without a lawsuit being commenced, Andrew Jay, through his guardian Jeanie Jay, agreed to settle his claim against the owner of the dog, David Jay, for the sum of $51,867.00. Subsequently, plaintiff filed a state action to adjudicate defendant's lien.

### Discussion

■ Defendant argues that plaintiff's claim is completely preempted under § 502(a) of ERISA. As the court explained in *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996), in order to determine whether a claim is within the scope of § 502(a) of ERISA, three factors are examined:

(1) whether the "plaintiff" [i]s eligible to bring a claim under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA pro-

---

1. Under the Illinois Common Fund Doctrine, a party who creates, preserves or increases the value of a fund in which others have an ownership interest may be reimbursed from that fund for litigation expenses. *Blackburn v. Sundstrand*, 115 F.3d 493, 496 (7th Cir. 1997).

vision that the plaintiff can enforce via § 502(a), and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law. [Iinternal quotation marks and citations omitted.] Although plaintiff is entitled to bring a claim under the Wal–Mart plan, its motion to adjudicate the Plan's lien is not a cause of action that falls within the scope of an ERISA provision, nor does its state law claim require resolution of an interpretation of the contract governed by federal law. As the court in *Speciale v. Seybold,* 147 F.3d 612, 617 (7th Cir.1998), explained, where the plaintiff's claim does not involve the interpretation of contract terms under ERISA, there is no complete preemption under § 502(a). Consequently, plaintiff's claim is not completely preempted under § 502(a) of ERISA.

This case is directly controlled by *Speciale,* in which Kimberly Speciale was injured in an automobile accident. As an employee of Wal–Mart Stores, Inc., Speciale was covered by the Associates' Health and Welfare Plan, defendant in the instant case. The Plan, on the condition that Speciale reimburse it to the extent of any settlement made relating to the accident, paid the majority of Speciale's medical expenses. After filing a separate tort claim against Seybold, the party responsible for the automobile accident, Speciale agreed to settle the claim. Subsequently, Speciale filed a Motion to Adjudicate Liens. Wal–Mart's plan administrator removed the action to federal court under 28 U.S.C. § 1441(b), maintaining that because the Plan arose under and was governed by ERISA, Speciale's motion to adjudicate was completely preempted. Concluding that Speciale's claim was preempted under § 502(a) of ERISA, 29 U.S.C. § 1132(a), the district court awarded Wal–Mart the full amount of the settlement less a reasonable attorney's fee. Speciale appealed, alleging that the cause was erroneously removed to federal court and should have remained in the state court for lien adjudi-

cation. The court of appeals held that in a state cause of action where there are adversarial claims to a settlement fund between an ERISA plan and other interested parties, as here, there is no preemption under § 502(a) of ERISA. *Id.* at 617. As the court explained, the allocation of funds is a matter for the state court under which original jurisdiction arose. *Id.* See also, *Blackburn v. Sundstrand Corp.,* 115 F.3d 493 (7th Cir.1997).

Though defendant attempts to distinguish *Speciale* from the instant case by differentiating between subrogation and reimbursement rights, defendant's argument that *Speciale* is inapplicable is without merit. According to defendant, because the plaintiff's claim in *Speciale* sought to interpret the defendant's subrogation interests, which arise under state law, rather than its reimbursement rights, which are governed by ERISA, it is distinguishable from the instant case in which defendant has asserted its reimbursement rights. That is, according to defendant because the instant case concerns reimbursement rights governed by ERISA rather than subrogation rights, it is distinguishable from *Speciale.* Defendant, however, mischaracterizes the instant case. Contrary to defendant's assertions, plaintiff does not challenge defendant's reimbursement rights. Rather, plaintiff's claim seeks only to adjudicate defendant's lien pursuant to the Illinois Common Fund Doctrine, a state law claim. Consequently, contrary to defendant's assertions, the present case is not distinguishable from *Speciale.*

*Administrative Committee v. Gauf,* 188 F.3d 767 (7th Cir.1999), cited by defendant, does not alter this conclusion. In *Gauf,* the defendant, Patricia Gauf, was injured after an automobile accident. As an employee of Wal–Mart Stores Inc., Gauf was covered under Wal–Mart's Associates' Health and Welfare Plan. The Plan reimbursed Ms. Gauf for her medical treatment on the condition that Ms. Gauf reimburse the plan to the extent of any

judgment or settlement received relating to the accident. In a separate tort action against the driver of the other automobile involved in the accident, Ms. Gauf received a verdict in her favor and collected $36,-000. Subsequently, the plaintiff, the Administrative Committee of the Associates' Health and Welfare Plan ("the Committee"), sought an order in federal court compelling Ms. Gauf to reimburse the Plan for the benefits it had paid to her relating to the accident. The Committee based its claim on the ERISA governed plan. Therefore, *Gauf* presented the opposite scenario than the one presented in *Speciale, Blackburn,* and the instant case. Indeed, the Gauf court recognized this distinction and cited *Speciale* and *Blackburn* with approval. *Id.* at 771. Whereas the plaintiff's complaint in *Gauf* was based on a provision in an ERISA governed plan and stated a claim under § 502(a)(3) of ERISA, plaintiff's claim in the instant case is brought to apportion funds, pursuant to state law. Although defendant invokes § 502(a)(3) of ERISA as a defense to plaintiff's motion, the issues raised in plaintiff's complaint, not those added in defendant's response, control the litigation. *Jass,* 88 F.3d at 1482. Consequently, because plaintiff's Motion to Adjudicate Lien was based on the Illinois Common Fund Doctrine and not the ERISA based plan, this case is distinguishable from *Gauf.*

### Conclusion

For the reasons set forth above, plaintiff's motion to remand is granted.