ESTATE of Joan Audrey COGGINS, by her personal representative, Kelly Sue Madis, (Daughter), Plaintiff,

v.

WAGNER HOPKINS, INC., United Wisconsin Life Insurance Co. and American Medical Security, Inc., Defendants.

No. 01C199–C.

United States District Court, W.D. Wisconsin.

Aug. 3, 2001.

884

Brian H. Wright, Eau Claire, WI, for plaintiff.

J. Drew Ryberg, Kelly & Ryberg, S.C., Eau Claire, WI, for Wagner Hopkins, Inc., defendant.

Richard P. Carr, Reinhart, Boerner, Van Deuren, Milwaukee, WI, for American Medical Security, Inc., United Wisconsin Life Ins.

## OPINION AND ORDER

CRABB, District Judge.

In this civil action for monetary relief, plaintiff Estate of Joan Audrey Coggins, by her personal representative and daughter Kelly Sue Madis, contends that defendants Wagner Hopkins, Inc., United Wisconsin Life Insurance Co. and American Medical Security, Inc. denied coverage of Coggins's health insurance benefits in bad faith, committed negligent infliction of emotional distress and violated Wis. Admin. Code § INS 8.68. Plaintiff filed this action in Wisconsin state court in Eau Claire and defendants removed the case to this court, asserting that this court has jurisdiction to hear plaintiff's case under the general federal question jurisdiction statute, 28 U.S.C. § 1331, because the claim is one made properly under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461.

Defendants have moved to dismiss the complaint, alleging that plaintiff's claims are preempted by § 514(a) of ERISA, as amended, 29 U.S.C. § 1144(a). Plaintiff has responded to the motion to dismiss by filing an "objection" to the removal, dkt. # 9, which I construe as a motion to remand the action to state court pursuant to 28 U.S.C. § 1447. Plaintiff contends that its claims are not preempted by ERISA because of the application of the ERISA "saving clause," 29 U.S.C. § 1144(b)(2)(A). Accordingly, plaintiff argues, this court lacks subject matter jurisdiction over its claims. I conclude that plaintiff is not entitled to a remand of this case to state court because its claims for bad faith and negligent infliction of emotional distress are preempted by ERISA. Instead of dismissing the claims, I will allow plaintiff to file an amended complaint so as to state a cause of action under ERISA. I conclude that plaintiff's claim for violation of § INS 8.68 is not preempted by ERISA but fails to state a claim upon which relief may be granted because § INS 8.68 does not provide for a private right of action. Accordingly, defendants' motion will be granted on this claim.

I accept as true for the purposes of deciding this motion the following allegations made in plaintiff's complaint.

## FACTS

Plaintiff Estate of Joan Audrey Coggins is represented by Coggins's daughter, Kelly Sue Madis. Coggins was an employee of defendant Wagner Hopkins, Inc., a Wisconsin corporation that owned and operated two bowling alleys (Wagner's East and Wagner's West) in Eau Claire, Wisconsin. Defendant United Wisconsin Life Insurance Co. is an insurance company providing group health insurance policies. Defendant American Medical Security, Inc. is the authorized agent of defendant United for the purpose of providing administrative services including marketing, underwriting, billing and collecting premiums, paying claims and performing other administrative services.

Coggins worked as a bartender at Wagner's East for 22 years. In 1999, Coggins was an insured under defendant Wagner's group health insurance policy, which provided coverage for medical and prescription drug expenses. Defendant United was the insurer of the policy and defendant American was the administrator. In June 1999, Coggins was diagnosed with cancer. Her condition worsened and in

September 1999, she resigned from defendant Wagner after she learned that her cancer was terminal.

Coggins notified defendants Wagner and American that she wanted to continue her health insurance coverage by exercising her rights under the Comprehensive Omnibus Budget Rehabilitation Act. Defendants Wagner and American confirmed with Coggins that she was eligible to continue her health insurance coverage under COBRA and defendant American agreed to administer Coggins's COBRA benefits. After Coggins resigned from Wagner's, she remained current on her health insurance premiums, which she paid directly to defendant American.

Coggins's medical condition continued to deteriorate. In March 2000, she underwent surgery and was prescribed Thalomid, a medication that slows the growth of cancerous tumors. Thalomid is administered on a graduated basis until the patient reaches the recommended peak dosage. For Coggins, the peak dosage of Thalomid cost approximately $1,000 each month. Coggins's condition stabilized after she began taking Thalomid.

On May 15, 2000, defendant American sent Coggins a letter stating that it had terminated her health insurance coverage. At the time, Coggins was nearing the recommended peak dosage for Thalomid. After receiving the letter, Coggins instructed her doctors to discontinue her prescription for T halomid because she could no longer afford to pay for the medication. At her doctor's urging, Coggins agreed to continue taking Thalomid but at one-half of the recommended peak dosage to conserve the pills she had on hand. Because of her concern that she could no longer afford to pay for her medication without health insurance benefits, Coggins took less pain medication even though her pain was acute. Coggins tried to cancel scheduled doctor's appointments for the same reason. Coggins agreed to continue keeping her appointments only after her daughter had urged her to do so and one of her doctors had agreed to waive his fees.

Defendants failed to explain to Coggins that she had a right to continue her health insurance benefits under COBRA upon the termination of defendant Wagner's group health insurance policy. Defendants also failed to provide Coggins with a copy of the Wisconsin Health Insurance Risk–Sharing Plan or to tell her about the plan's existence, its eligibility requirements or its application procedures. After defendant American notified Coggins that it had terminated her health insurance coverage, Coggins's family members contacted counsel for defendant Wagner, who provided Coggins with information about the plan. Coggins applied for coverage immediately. Coggins did not receive confirmation that she was approved for the plan until June 2000, almost one month after she had applied. During that month, Coggins had difficulty eating and sleeping, lost weight and expressed deep anxiety to her family regarding her inability to pay her medical bills.

In a letter to Coggins dated October 6, 2000, defendant American acknowledged that it had acted improperly in terminating her continuation under COBRA. On November 4, 2000, Coggins died.

## OPINION

 The basic provision governing the removal of claims to the federal courts is 28 U.S.C. § 1441(b), which states in relevant part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable with-

out regard to the citizenship or residence of the parties.

In determining whether a case is removable because it raises a federal question, a district court must look to the face of plaintiff's "well-pleaded" complaint. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). As a general rule, the federal question cannot be asserted by way of defense. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). However, there are a few areas of the law in which Congress has legislated so comprehensively as to preempt the field. *Id.* at 63–64, 107 S.Ct. 1542. ("Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.") When this happens, even purported state law claims concerning that area will be considered to "arise under" federal law. *Id.* at 67, 107 S.Ct. 1542. Such is the case with claims that "relate to" an employee benefit plan governed by ERISA. 29 U.S.C. § 1144(a). However, state laws that "regulate[ ] insurance, banking, or securities" are "saved" or exempt from the preemption clause. 29 U.S.C. § 1144(b)(2)(A). In addition, claims that can be recharacterized as arising under § 502(a) of ERISA are completely preempted and come within the original jurisdiction of the federal courts, even if the complaint does not mention § 502(a). *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir.1998); *Taylor*, 481 U.S. at 67, 107 S.Ct. 1542. Thus, if plaintiff's state law claims in this case relate to an employee benefit plan and are not exempted by the saving clause, removal is proper.

ERISA defines the terms "employee welfare benefit plan" and "welfare plan," in relevant part, as follows:

any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits . . . .

29 U.S.C. § 1002(1). ERISA covers any such plan if it is "established or maintained . . . by any employer engaged in commerce or in any industry or activity affecting commerce . . . ." 29 U.S.C. § 1003(a)(1). Plaintiff does not seem to dispute that Coggins's COBRA insurance plan is covered by these definitions or that its state law claims for the bad faith denial of insurance benefits and the negligent infliction of emotional distress "relate to" her employee benefit plan.

In its complaint, plaintiff alleges that "the defendants acted in bad faith when they terminated [Coggins's] COBRA benefits, the defendants violated their duty to inform [under § INS 8.68] before they terminated her health insurance coverage and [Coggins] suffered severe emotional distress as a result of the termination of her health insurance benefits and their failure to notify . . . ." Plt.'s Cpt., dkt. # 1, at 4–5. Plaintiff asserts that its claims are based uniquely in state law and hinge upon defendants' duty to exercise reasonable care, as defined in Wis. Admin. Code § INS 8.68(3), requiring insurers of small employers to notify employees about the Wisconsin Health Insurance Risk–Sharing Plan. According to plaintiff, "the [Health Insurance Risk–Sharing Plan] notice requirement may be used as a benchmark of the defendants' duty in this case to notify" Coggins about the existence of the plan. Plt.'s Br. in Supp. of Objection of Removal,

dkt. # 14, at 2. Although plaintiff does not ask for relief for its claim of violation of § INS 8.68, I understand that she is bringing three claims: bad faith denial of coverage, negligent infliction of emotional distress and violation of § INS 8.68.

## A. *Claims for Bad Faith and Negligent Infliction of Emotion al Distress*

 Plaintiff's common law claims for bad faith and negligent infliction of emotional distress turn on the question whether defendants terminated Coggins's COBRA health insurance coverage improperly. COBRA questions relate to her employee benefit plan and for that reason, are preempted by ERISA. 29 U.S.C. § 1144(a). The "saving clause" of 29 U.S.C. § 1144(b)(2)(A) does not "save" these claims from federal preemption. The United States Supreme Court has held that the saving clause applies only to claims that are based upon laws that regulate the insurance industry. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48–51, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (Mississippi law of bad faith not "saved" from preemption); *see also Smith v. Blue Cross & Blue Shield*, 959 F.2d 655, 656–62 (7th Cir.1992) (Wisconsin laws of bad faith and breach of fiduciary duty causing emotional distress preempted by ERISA). In order to "regulate insurance," a law must not have just an impact on the insurance industry, but must be directed specifically toward that industry. *Pilot Life*, 481 U.S. at 50, 107 S.Ct. 1549. Plaintiff's claims for bad faith and negligent infliction of emotional distress are not directed specifically towards the insurance industry, but rather, find their roots in the general principles of Wisconsin tort and contract law. These claims cannot be "saved" from preemption because they are "based upon common law of general application [and] not [laws]

regulating insurance." *Taylor*, 481 U.S. at 62, 107 S.Ct. 1542.

Despite finding that plaintiff's claims for bad faith and negligent infliction of emotional distress are preempted by ERISA, I do not deem it appropriate to dismiss the claims at this time. The claims fall within the scope of § 502(a) of ERISA, which empowers plan participants and beneficiaries to bring suit to recover benefits and to enforce rights under the terms of an ERISA-governed benefit plan, 29 U.S.C. § 1132(a), and are preempted completely by ERISA. *Speciale*, 147 F.3d at 615. "Complete preemption permits 'recharacterization' of a plaintiff's state law claim so that removal is proper." *Id.* If plaintiff wishes, it may pursue any available remedies under ERISA. The civil enforcement provisions of ERISA, for example, provide that a civil action may be brought by a beneficiary to recover benefits due to her and to enforce her rights under the terms of her plan. 29 U.S.C. § 1132(a)(1)(B). Therefore, dismissal of plaintiff's case at this stage would be both imprudent and unnecessary. I will grant plaintiff leave to file an amended complaint, so as to state a cause of action under ERISA.

I note that defendants assert that because compensatory and punitive damages are not available under ERISA, these requests for relief are unavailable to plaintiff and should be dismissed. Defendants point out that the dismissal of plaintiff's request for compensatory and punitive damages would not defeat federal jurisdiction. *Lister v. Stark*, 890 F.2d 941, 946 (7th Cir.1989) (ERISA preemption and removal principles are applicable even where removal may leave plaintiff without remedy). However, I will reserve ruling on the availability of compensatory and punitive damages under ERISA until after plaintiff files an amended complaint, if it chooses to do so.

### B. *Claim for Violation of Wis. Admin. Code § INS 8.68*

■ Plaintiff asserts that her claim for violation of the notice requirement of Wis. Admin. Code § INS 8.68 is not preempted by ERISA. In this claim, plaintiff alleges that defendants violated § INS 8.68 by failing to inform Coggins about the existence of the Wisconsin Health Insurance Risk–Sharing plan and its application procedure before terminating her COBRA health insurance coverage. The risk-sharing plan was enacted to insure that health insurance is readily available to individuals and groups that are unable to obtain affordable health insurance coverage in the private market. Wis. Stat. § 619.01. In situations in which benefits are discontinued, such as here, § INS 8.68 requires employers and insurance providers to notify the insured of the plan's existence without reference to the status of the discontinued plan as governed by ERISA or not. *See generally* Wis. Stat. Chapter 619 and Wis. Admin. Code Chapter INS 8. Plaintiff argues that the notice requirement found in § INS 8.68 is not sufficiently "related to" an employee benefit plan under 29 U.S.C. § 1444(a) and, therefore, the provision is not preempted by ERISA. *Safeco Life Ins. Co. v. Musser*, 65 F.3d 647 (7th Cir.1995) (holding that Health Insurance Risk–Sharing Plan assessments not preempted by ERISA). Defendants assert that the holding in *Safeco* does not apply to this case, pointing out that the Court of Appeals for the Seventh Circuit analyzed the Wisconsin statute that sets forth the assessment of fees under the Wisconsin Health Insurance Risk–Sharing plan but not the notice requirement. Nevertheless, it is significant that the notice requirement provision does not differentiate between plans governed by ERISA and those not governed by ERISA. I find that plaintiff's claim for a violation of § INS 8.68 is not related to an employee benefit plan governed by ERISA and, therefore, that it is not preempted by ERISA.

■ Although the § INS 8.68 claim is not preempted by ERISA, removal of the claim to federal court is proper. 28 U.S.C. § 1367 allows courts to exercise federal jurisdiction over "pendent" state law claims in cases where federal jurisdiction otherwise lies under 28 U.S.C. §§ 1331 or 1332. Supplemental jurisdiction is to be exercised "over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's notice requirement claim is so closely related to its claims in tort that it forms part of the same controversy. I will exercise supplemental jurisdiction over the claim.

■ Defendants contend that the claim under § INS 8.68 should be dismissed because plaintiff has not established that the statute creates a private right of action. In response, plaintiff does not point to an applicable enforcement provision but instead falls back on its tort claim, asserting that defendants' failure to comply with § INS 8.68 caused Coggins to experience emotional distress. Plt.'s Mem. in Support of Plt.'s "Objection" to Removal, dkt. # 14, at 4. Plaintiff characterizes the violation of § INS 8.68 as proof that defendants breached their duty to Coggins, resulting in emotional distress. In doing so, plaintiff acknowledges that its § INS 8.68 claim does not rest on a valid theory of recovery under state law. In the absence of an enforcement provision, I find that plaintiff's claim for violation of the notice requirement provision cannot stand alone and must be dismissed.

## ORDER

IT IS ORDERED that the motion to remand this action to state court filed by plaintiff Estate of Joan Audrey Coggins, by her personal representative Kelly Sue Madis, is DENIED. FURTHER, IT IS ORDERED that the motion of defendants Wagner Hopkins, Inc., United Wisconsin Life Insurance Co. and American Medical Security, Inc. to dismiss is GRANTED as to plaintiff's claim for the violation of Wis. Adm in. Code § INS 8.68 and is DE-NIED as to plaintiff's claims for bad faith and negligent infliction of emotional distress. Plaintiff may have until August 29, 2001 in which to file and serve a proposed amended complaint setting out a claim under ERISA. If plaintiff fails to file an amended complaint by August 29, this case will be dismissed on the court's own motion for failure to state a claim upon which relief can be granted.