John COVINGTON, Plaintiff–Appellant,

v.

MITSUBISHI MOTOR MANUFACTURING OF AMERICA, INC., Defendant–Appellee.

No. 02–1969.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2002.[*]

Decided Nov. 26, 2002.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

### ORDER

This is John Covington's second suit against his former employer, Mitsubishi Motor Manufacturing of America. His first suit was an employment discrimination case brought in federal district court. After summary judgment was granted for Mitsubishi in that case, Covington filed the present action in state court. Mitsubishi removed the case to federal court, which then granted Mitsubishi's motion for summary judgment. On appeal, Covington argues that the removal was improper for lack of jurisdiction. We agree, and thus reverse and remand.

After six years as an assembly line worker at Mitsubishi, Covington was fired because of excessive absenteeism. Covington, an African American, sued Mitsubishi in district court, alleging wrongful termination based on race discrimination. At the summary judgment stage, Mitsubishi submitted a transcript of Covington's hearing for unemployment insurance benefits before the Illinois Department of Employment Security, and the Department's subsequent denial of his application. This evidence showed that Covington had missed 23 days of work, not for medical reasons as he claimed, but because he was in the county jail. Covington filed a motion to exclude this evidence and requested sanctions against Mitsubishi under state law. The district court denied the motion, finding that the evidence was admissible under the Federal Rules and that state law did not apply to the submission of evidence in federal courts. The court subsequently granted Mitsubishi's motion for summary judgment.

Covington did not appeal. Instead he filed a second suit in Illinois state court, alleging that Mitsubishi had violated several Illinois statutes in procuring and disclosing the evidence that he sought to exclude in the district court. Most of the state statutes cited by Covington govern the confidentiality of employment records and juvenile court proceedings. Covington also claimed that Mitsubishi had violated a state statute prohibiting retaliation against employees who file for worker's compensation. Mitsubishi removed the case to the federal district court, alleging that federal question jurisdiction existed. As noted, the court agreed and then granted summary judgment in Mitsubishi's favor, finding that issues decided in Covington's first suit collaterally estopped him from continuing with his current suit.

Before this court, Covington argues that the removal of his case to federal court was improper because the issues he raises are based on state law, not federal law, and were not litigated in his first suit against Mitsubishi. We review *de novo* the removal of a state court action to federal court. *Moran v. Rush Prudential HMO, Inc.,* 230 F.3d 959, 966 (7th Cir.

2000). State court actions over which "the district courts of the United States have original jurisdiction" may be removed to federal court. 28 U.S.C. § 1441(a).

In this case removal was based on federal question jurisdiction. To determine whether federal question jurisdiction existed, we must first look to the complaint. *Speciale v. Seybold,* 147 F.3d 612, 614 (7th Cir.1998). In this inquiry, the plaintiff's claims control. *Id.* If a plaintiff raises only state law claims, then we will presume, under the well-pleaded complaint rule, that removal based on federal question jurisdiction was improper. *See Rogers v. Tyson Foods, Inc.,* 308 F.3d 785, 787 (7th Cir. 2002). A defendant may not overcome this presumption by merely raising a federal defense in his answer. *Speciale,* 147 F.3d at 614–15.

■ The claims Covington raised in his state court complaint were all based on violations of Illinois statutes. Mitsubishi argues, however, that Covington is actually challenging evidentiary rulings from his federal employment discrimination suit, and that the claims raised in the new suit were therefore barred by collateral estoppel. Mitsubishi's argument may be creative, but in the end we are not persuaded by it. Covington alleges in his complaint that Mitsubishi violated several Illinois statutes regarding the confidentiality of employment records and juvenile court proceedings. Nowhere in the state court complaint does he challenge the district court's evidentiary rulings in the first suit. Moreover, the fact that the evidence was found to be admissible in the federal court proceedings is not necessarily inconsistent with the possibility that Mitsubishi violated state law in the manner that it obtained and disclosed the evidence.

■ Moreover, even Mitsubishi is right and this is a disguised way of trying to relitigate the federal court's decisions about the admissibility of the evidence, this case still belongs in state court. *See Syngenta Crop Protection, Inc. v. Henson,* — U.S. ——, 123 S.Ct. 366, 370, —— L.Ed.2d —— (2002); *Rivet v. Regions Bank of La.,* 522 U.S. 470, 474–77, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). Defendants may remove to federal court only those claims over which the district courts have original subject-matter jurisdiction. *Syngenta,* 123 S.Ct. at 370. The mere existence of a related prior federal judgment does not vest federal district courts with authority to exercise jurisdiction over a state law claim. *See id.* at 370–71. Nor does such a prior federal judgment transform a state-law claim into a federal claim. *Rivet,* 522 U.S. at 476. Rather it "extinguishes [the state-law claim] altogether." *Id.* But it is the state court that determines whether the state-law claim has been extinguished. *Id.* In such a case, collateral estoppel is an available affirmative defense (and one on which we express no opinion here), but not a valid basis for removal. *Id.* at 477.

■ Mitsubishi also argues that all issues related to the submission of evidence in a federal court are matters of federal law, and, because Covington's claims are related to evidentiary decisions made under the Federal Rules of Evidence, they may be decided only in a federal court. Essentially, Mitsubishi is invoking the "complete preemption" exception to the well-pleaded complaint rule. *Rogers,* 308 F.3d at 787; *Speciale,* 147 F.3d at 615. According to Mitsubishi, Covington's claims are completely preempted by the Federal Rules of Evidence. In matters related to removal under 28 U.S.C. § 1441, "complete preemption" means "federal occupation of a field." *Lehmann v. Brown,* 230 F.3d 916, 919 (7th Cir.2000). The complete preemption exception applies when Congress has so thoroughly occupied

an area (as it has the area of pension and fringe benefits with ERISA, for example) that "no room remains for any state regulation." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Rogers,* 308 F.3d at 787; *Lehmann,* 230 F.3d at 919; *Speciale,* 147 F.3d at 615. That is simply not the case here.

We REVERSE and REMAND to the district court with instructions to remand this case to state court.