# In the

# United States Court of Appeals

## For the Seventh Circuit

————————

No. 03-2832

JUSTIN HART,

*Plaintiff-Appellee,*

v.

WAL-MART STORES, INC. ASSOCIATES' HEALTH
AND WELFARE PLAN,

*Defendant-Appellant.*

————————

Appeal from the United States District Court
for the Central District of Illinois.
No. 02-4053—**Michael M. Mihm**, *Judge.*

————————

ARGUED JANUARY 20, 2004—DECIDED MARCH 1, 2004

————————

Before CUDAHY, KANNE, and EVANS, *Circuit Judges.*

CUDAHY, *Circuit Judge.* Yogi Berra might describe this case as "deja vu all over again." For if the case seems familiar, it may be because we have decided the precise question presented in this appeal twice before—both times under virtually identical circumstances—and most recently, against the same appellant. *See Speciale v. Seybold*, 147 F.3d 612 (7th Cir. 1998); *Blackburn v. Sunstrand Corp.*, 115 F.3d 493 (7th Cir. 1997). In both of these earlier cases we held that a petition to apportion claims to a settlement fund

between an ERISA plan subrogation claim and other lienholders was not preempted by ERISA's civil enforcement provision and the allocation of the funds was a matter for determination in the state court. In the present case, Wal-Mart asks us to re-reconsider the issue, this time in the context of an award of $11,500 in attorney's fees, which the district court taxed against Wal-Mart under 28 U.S.C. § 1447(c). After serious consideration (mainly of the possibility of sanctioning Wal-Mart for bringing this presumptuous appeal), we reaffirm our previous holdings in *Blackburn* and *Speciale* and affirm the order of the district court.

I.

On December 25, 1999, Appellee Justin Hart suffered permanent brain injury in an automobile accident with Robert Chinn. As a result of his injuries, Hart received substantial medical treatment and incurred certain resulting liens. At the time of the accident, Hart was an employee of Wal-Mart Stores. Blue Cross/Blue Shield is the third-party administrator of the Wal-Mart Stores Associates' Health and Welfare Plan, an employee welfare benefits plan governed by the Employee Retirement Income Security Act of 1974 (ERISA). The Plan paid out $61,475.45 in medical benefits for the treatment stemming from his injuries.

Hart filed a tort suit against Chinn in the Circuit Court of Rock Island County and ultimately obtained a settlement in the amount of $180,000. After reaching this settlement, Hart filed a petition in the state court to adjudicate the liens of six separate lienholders, including Blue Cross/Blue Shield as Administrator of the Plan (hereinafter Wal-Mart). Wal-Mart's plan included a "right to reduction, reimbursement and subrogation" provision. Wal-Mart Br. at 4. Wal-Mart believed that unlike federal law, Illinois state law allowed common fund reductions for attorney's fees even

when the plan's terms expressly disclaimed the doctrine. Thus, in an apparent effort to take advantage of the more favorable federal law, Wal-Mart independently removed the case to the Central District of Illinois pursuant to 28 U.S.C. § 1441(a), (b) and (c), arguing that Hart's claim was completely preempted by ERISA.

Hart filed a motion to remand on July 17, 2002, arguing that the district court lacked subject matter jurisdiction. In an order dated December 23, 2002, the district court ordered that the case be remanded. The district court relied on our holdings in *Blackburn* and *Speciale* in finding that ERISA preemption was not applicable. Moreover, the district court noted that the case had not been properly removed under 18 U.S.C. § 1441 because Wal-Mart failed to join the other lienholders in its notice of removal.

Thereafter, Hart filed a petition pursuant to 18 U.S.C. § 1447(c), seeking $13,750 in attorney's fees and costs for improper removal. Wal-Mart opposed this petition, arguing that (1) Hart had not submitted any evidence of a reasonable hourly rate; (2) Hart's counsel's claimed tasks were insufficiently documented; (3) Hart's counsel's time entries were excessive; and (4) Hart's bill of costs should be denied. In an order dated April 28, 2003, the district court awarded $11,500 in attorney's fees. This appeal followed.

## II.

### 1. *Jurisdiction*

An order remanding a case to the state court from which it was removed is generally not subject to appeal. 28 U.S.C. § 1447(d). The purpose of precluding review is to avoid the delay that might be caused by prolonged federal litigation of jurisdictional questions. *See Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir. 1992); *Mobile Corp. v. Abeille Geberal Ins. Co.*, 984 F.2d 664, 666 (5th Cir.

1993); *Appalachian Volunteers, Inc. v. Clark*, 432 F.2d 530 (6th Cir. 1970); *In re MacNeil Bros. Co.*, 259 F.2d 386, 388 (1st Cir. 1958). However, it is well-settled that an award of attorney's fees occasioned by a wrongful removal is an independently appealable order not subject to the prohibition against reviewing a remand order. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 409-10 (7th Cir. 2000); *LaMotte v. Roundy's, Inc.*, 27 F.3d 314, 315 (7th Cir. 1994).

It is equally clear that an evaluation of the merits of a remand order may be required to determine whether the district court's award of attorney's fees was appropriate. *See Sirotzky v. New York Stock Exch.*, 347 F.3d 985, 987 (7th Cir. 2003) ("[P]laintiff must show the remand order was correct (that is, that removal was improper) . . ."); *Moore v. Permanente Med. Group*, 981 F.2d 443, 447 (9th Cir. 1992) ("[S]ome evaluation of the merits of the remand order is necessary to review an award of attorney's fees . . ."); *Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 227 (3d Cir. 2003); *Miranti v. Lee*, 3 F.3d 925, 927-28 (5th Cir. 1993). This merits review does not conflict with the purpose of 28 U.S.C. § 1447(d) because the state court action may proceed expediently while the appellate court reviews the award of attorney's fees. Even if the appellate court determines that it was an abuse of discretion to award attorney's fees because the decision to remand was improper, the remand itself may not be disturbed. *See Dahl v. Rosenfeld*, 316 F.3d 1074, 1079 (9th Cir. 2003); *Roxbury Condo.*, 316 F.3d at 227-28.[1]

---

[1] The contrary rule would violate the purposes of 28 U.S.C. § 1447. If this Court were to vacate an award of attorney's fees, finding that remand was improper, and our decision could later be used by the removing party to attempt to return to federal court, proceedings might be slowed in the state court while the parties

continue...

Generally, we review a district court's award of attorney's fees for abuse of discretion. *See Tenner v. Zurek*, 168 F.3d 328, 329 (7th Cir. 1999). However, "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 739 n.4 (7th Cir. 1998). If removal is found to be improper, the plaintiff is presumptively entitled to an award of fees. *See Sirotzky*, 347 F.3d at 987.

2.  *Waiver*

As an initial matter, Hart argues that Wal-Mart waived its argument by not specifically reiterating it in opposing attorney's fees. Hart Br. at 8-11. It is true that in opposing attorney's fees below, Wal-Mart attacked only the amount of the fees rather than the merits of the remand order. However, Hart does not dispute that Wal-Mart actively contested and lost the issue whether removal was proper before opposing the award of attorney's fees. After Wal-Mart had made its position plain and lost the issue on the merits, it would be senseless to require that Wal-Mart reiterate its argument in a futile effort to oppose attorney's fees. *See*, *e.g.*, *Dawson v. New York Life Ins. Co.*, 135 F.3d 1158, 1166 (7th Cir. 1998) (rejecting a similar waiver argument and noting that "at some point further objection

...continue

and the court waited for the federal circuit court's blessing. Moreover, under the contrary rule, plaintiffs would be reluctant to ever seek attorney's fees based on improper removal because of the risk of upsetting the remand order. The result would be open season for defendants to attempt to frivolously remove state court cases.

became useless"); *Dresser Indus. Inc. v. The Gradall Co.*, 965 F.2d 1442, 1450 (7th Cir. 1992) (same). Hart cannot claim that he was prejudiced in any way by Wal-Mart's decision not to beat a dead horse in the district court. Nor did Wal-Mart's decision deprive the district court of a meaningful opportunity to review the issue of subject matter jurisdiction. Therefore, we find that Wal-Mart did not waive its argument.

### 3. *Attorney's fees*

To determine whether the district court's award of attorney's fees was appropriate, we must decide whether the district court properly found that it lacked subject matter jurisdiction. When determining whether federal jurisdiction exists, we must follow the well-pleaded complaint rule, which states that federal question jurisdiction exists only "when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996) ("The issues raised in the plaintiff's complaint, not those added in the defendant's response, control the litigation."). "The paramount policies embodied in the well-pleaded complaint rule [are] that the plaintiff is master of the complaint . . . and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).

However, there is an exception to the well-pleaded complaint rule, known as the "complete preemption doctrine" which provides that, where Congress has completely preempted a given area of state law, a plaintiff's state law claim will be "recharacterized" as a federal claim so that removal becomes proper. *See Avco Corp. v. Aero Lodge No. 735 Int'l Ass'n of Machinists and Aerospace Workers*, 390

U.S. 557, 560 (1968). The Supreme Court has determined that all state actions falling within the scope of section 502(a) of ERISA, 29 U.S.C. § 1132(a), are preempted under the complete preemption doctrine. *Taylor*, 481 U.S. at 67. Section 502(a) provides that "[a] civil action may be brought—(1) by a participant or beneficiary—(A) for the relief provided in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). Therefore, any claim by a participant or beneficiary to enforce his rights under an ERISA plan is completely preempted, and federal subject matter jurisdiction would exist. *See Jass*, 88 F.3d at 1487.

Wal-Mart argues that complete preemption under § 502(a) applies here. The problem for Wal-Mart is that we have already decided in two nearly identical cases that it does not. *See Speciale*, 147 F.3d at 615; *Blackburn*, 115 F.3d at 495. In *Blackburn*, the plaintiffs were injured in an automobile accident with another driver. Under their benefits plan, covered by ERISA, Sunstrand paid $25,000 to the plaintiffs in medical benefits. The plaintiffs filed a tort action against the other driver in state court and obtained a $105,000 settlement. Pursuant to a subrogation clause, Sunstrand claimed a right to a portion of the settlement. The plaintiffs' lawyer also claimed a right to a portion of the fund. The plaintiffs filed a petition to apportion the fund in the state court. Sundstrand removed the case to federal court under 28 U.S.C. §1441(b). The district court determined that it had subject matter jurisdiction by virtue of the complete preemption doctrine. We reversed, holding that

> [t]he "civil action" was the tort suit by the Blackburns against the other driver, which assuredly did not arise under the Constitution, treaties, or laws of the United States. Not even the most expansive reading of ERISA

covers motor vehicle collisions, just because part of the recovery may inure to the benefit of the plan. The petition to apportion the fund invoked the ancillary jurisdiction of the state court and was part of that original, non-removable action.

*Blackburn*, 115 F.3d at 494. A year later, in *Speciale*, the appellant, also an employee of Wal-Mart, sustained injuries and incurred medical expenses in an automobile accident totaling $70,563.91. *Speciale*, 147 F.3d at 614. Wal-Mart's health plan, covered by ERISA, paid $54,051.07 towards the cost of Speciale's medical bills, with $16,512.84 remaining unpaid. The fifteen unpaid providers filed liens, as allowed under Illinois statutes. Speciale filed a personal injury action against the other driver in Illinois state court and accepted $45,000 in settlement. Wal-Mart sent Speciale a notice indicating that, pursuant to the terms of its plan, it was entitled to reimbursement from the settlement. Speciale filed a motion to adjudicate in state court, which notified the court of the settlement and requested the court to apportion the fund amongst Wal-Mart and the 16 providers asserting claims against the settlement fund. Wal-Mart removed the action to federal court under 28 U.S.C. § 1441(b), maintaining that because the Plan arose under and was governed by ERISA, the motion to adjudicate was completely preempted. The district court agreed with Wal-Mart. On appeal, we reversed again, following *Blackburn*. We noted that

> [a]lthough Speciale was a plaintiff entitled to bring a claim under the Wal-Mart plan, her claim of personal injury was not a cause of action that falls within the scope of an ERISA provision nor did her state claim require resolution of an interpretation of the contract governed by federal law . . . . [N]either can Speciale's request for apportionment be recharacterized as a suit to enforce her rights under the terms of the Plan and cannot be completely preempted under § 502(a).

*Speciale*, 147 F.3d at 615-16. Wal-Mart does not deny that the facts of this case are indistinguishable from *Speciale* and *Blackburn*. In the face of such clear precedent, Wal-Mart nonetheless argues that the district court abused its discretion based on two out-of-circuit cases which had not yet been decided at the time the district court awarded attorney's fees. *See Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003); *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 291-92 (4th Cir. 2003). There are at least two major problems with this argument. First, absent a change in the state of the law, it would generally be an abuse of discretion for a district court to follow out-of-circuit precedent which conflicts with binding precedent from its own circuit. *See, e.g., United States ex rel. Schnitzler v. Follette*, 406 F.2d 319, 322 (2d Cir. 1969) ("In this case, as in all others, the district court is required to follow a binding precedent of a superior court, and it abused its discretion in declining to do so."); *cf. Rendish v. City of Tacoma*, 123 F.3d 1216, 1226 (9th Cir. 1997) (holding that district court did not abuse its discretion by refusing to apply out-of-circuit precedent where there was controlling precedent within the circuit).

More importantly, *Arana* and *Singh* are completely distinguishable from the present case. In *Arana*, the plaintiff filed a state-law claim in state court against the plan itself, seeking a declaration that the plan could not obtain reimbursement from the tort settlement. *See Arana*, 338 F.3d at 434. Similarly, in *Singh*, the plaintiff filed a state claim seeking reimbursement of monies that she had paid to Prudential pursuant to a subrogation term of the plan. *Singh*, 335 F.3d at 280. The plaintiff's complaint alleged that the subrogation provision was illegal under state law. *Id.* In both of these cases, it was clear from the face of the complaint that the plaintiffs were challenging the plan's right to subrogation. In the present case, however,

the plaintiff is not contesting the right to subrogation but simply seeks to apportion the settlement fund amongst his various creditors. *See Serraiocco v. Seba*, 286 F. Supp. 2d 860, 865 (E.D. Mich. 2003) (distinguishing *Arana* and noting that "the plaintiffs in *Arana* . . . brought suit for the *sole purpose* of determining the validity of an ERISA plan's reimbursement provision, while the Plan here has injected the issue of reimbursement into the tail end of a state-court tort action that the parties have agreed to settle.").[2]

Wal-Mart also argues that *Speciale* and *Blackburn* are not controlling here because the analysis in those cases was limited to § 502(a)(1)(B), whereas Hart's claim is capable of being recharacterized as a claim falling within the scope of § 502(a)(3). Wal-Mart Br. at 15. Section § 502(a)(3) authorizes a participant, beneficiary, or fiduciary to "(A) enjoin any act or practice that violates any provision of this title or

---

[2] Wal-Mart seems to argue here that Hart implicitly challenges the plan's right to subrogation by bringing the action in state court because Illinois state law allows common fund reductions even when the plan term disclaims the doctrine, in contrast to federal law. Wal-Mart cites no authority which would suggest that we can base subject matter jurisdiction on such an implication. In any case, we find no such implication here. It is only logical that Hart would seek to have the state court which adjudicated his tort claim apportion the resulting settlement fund.

Wal-Mart further argues that this result creates an impermissible incentive for forum shopping and encourages a race to the courts, with the health plans running to federal court and plaintiffs running to state court. While this may be an unfortunate result, it does not follow that the proper way to address the problem is to extend federal subject matter jurisdiction, thereby making state law irrelevant. The more logical solution and the one which we would encourage, would be for federal courts to defer, under such circumstances, to the state court in which the original suit was filed.

the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." § 502(a)(3)(B). However, as the district court properly found, § 502(a)(3) does not apply because the plaintiff here "is clearly not seeking to redress an ERISA violation or to enforce any ERISA provisions or terms of the Plan." Hart Br. at A18. Wal-Mart relies on *dicta* from *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 363 n.2 (2002), but *Rush* is distinguishable because it was based on "a suit to compel compliance with [a state insurance statute] in the context of an ERISA plan." *Id.* In the present case, as we have noted, Hart is merely seeking apportionment of his settlement fund. Moreover, as Wal-Mart concedes, this Court has never addressed whether the complete preemption doctrine even applies to claims falling within the scope of § 502(a)(3).

Therefore, we find that Wal-Mart's arguments are without merit, and the district court did not abuse its discretion in awarding attorney's fees.[3] For the foregoing reasons, we AFFIRM the district court's award of attorney's fees to the plaintiff.

---

[3] Because we find that the district court correctly held that the complete preemption doctrine does not apply, we need not address the district court's alternative holding that Wal-Mart did not meet the procedural hurdles of the removal statute by failing to join the other state court defendants in the removal. Because 28 U.S.C. § 1441 does not confer jurisdiction, the disposition of this alternative holding does not affect our decision today. 28 U.S.C. §1441(c) ("Whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331* of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed . . . .") (emphasis added); 28 U.S.C. §1441(b) ("Any civil action *of which the district courts have original jurisdiction* . . . shall be removable . . . .") (emphasis added).

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*