Patricia FULLER and Anne
Fuller, Plaintiffs,

v.

BNSF RAILWAY CO. and Samuel
C. Williams, Defendants.

No. CIV. 06–722–GPM.

United States District Court,
S.D. Illinois.

Jan. 3, 2007.

John G. Simon, Simon, Passanante, St. Louis, MO, for Plaintiffs.

Thomas E. Jones, Thompson Coburn, Belleville, IL, for Defendants.

## MEMORANDUM AND ORDER

MURPHY, Chief Judge.

This matter is before the Court on the motion for remand to state court brought by Plaintiffs Patricia Fuller and Anne Fuller (Doc. 12). For the following reasons, the motion is **GRANTED**. The status conference scheduled to be held in this case on January 4, 2007, at 9:00 a.m. is **CANCELLED**.

This suit arises from an accident which occurred at a railroad crossing in Franklin County, Missouri, on December 22, 2005, in which an automobile driven by Douglas Fuller was struck by a train owned by Defendant BNSF Railroad Co. ("BNSF") and operated by Defendant Samuel C. Williams. Mr. Fuller was killed and his daughter, Anne Fuller, a passenger in the automobile, was severely injured. Ms. Fuller and her mother, Patricia Fuller, filed this action in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, asserting claims for wrongful death and negligence under Missouri law in connection with the accident. Plaintiffs allege that Defendants were negligent in: failing to sound an adequate, timely, and proper warning of the fact that the train was approaching the crossing where the accident occurred, as required under Mo. Rev.Stat. § 389.900; failing to maintain adequate warning devices at the crossing, as required under 4 C.S.R. § 265–8.018; failing to maintain and inspect the crossing and roadway as required under Mo.Rev. Stat. § 389.610.2; failing to maintain an adequate lookout for motorists at the crossing; and failing to sound a warning at the time and in the manner required under Mo.Rev.Stat. § 389.900. Additionally, the complaint alleges that BNSF failed properly to train its employees and/or servants to notify the railroad of hazardous crossings and failed to warn and advise its agents, servants, and employees of the

dangerous condition of the crossing where the accident giving rise to this case occurred. Plaintiffs allege also that Defendants violated various laws and regulations, including 49 C.F.R. § 234.223, so that Defendants' negligence is negligence per se. Defendants timely removed the case from state court to this Court, contending that federal subject matter jurisdiction is proper because this case arises under federal law within the meaning of 28 U.S.C. § 1331.

■■■ Removal of actions from state court to federal court is governed by 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Mkts. Inc.*, 419 F.3d 649, 653 (7th Cir.2005), *vacated on other grounds,* ──── U.S. ────, 126 S.Ct. 2964, 165 L.Ed.2d 947 (2006). The party seeking removal has the burden of establishing federal jurisdiction. *See Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* Put another way, there is a strong presumption in favor of remand. *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976). *See also Littleton v. Shelter Ins. Co.*, No. 99–912–GPM, 2000 WL 356408, at *1 (S.D.Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

■■■ In general, of course, federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The usual test of whether an action arises under federal law for purposes of so-called "federal question" jurisdiction pursuant to section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152–53, 29 S.Ct. 42, 53 L.Ed. 126 (1908). The well-pleaded complaint rule requires generally that a complaint state a claim for relief under federal law. As Justice Holmes explained, "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916). The purpose of restricting federal question jurisdiction to cases asserting claims for relief under federal law is, in addition to preserving a plaintiff's right to choose his or her forum, to "severely limit[ ] the number of cases ... that may be initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The well-pleaded complaint rule means of course that a case may not be removed to federal court pursuant to 28 U.S.C. § 1331 where federal law merely furnishes a defense to a plaintiff's claims. *See Caterpillar*, 482 U.S. at 392–93, 107 S.Ct. 2425. This is so "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the

only question truly at issue." *Id.* at 393, 107 S.Ct. 2425. *See also Franchise Tax Bd.*, 463 U.S. at 10, 103 S.Ct. 2841 ("[A] federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, or that a federal defense the defendant may raise is not sufficient to defeat the claim.") (citations omitted).

■■■■■ As discussed, Plaintiffs' claims are asserted under state law, not federal law. However, Defendants contend that Plaintiffs' claims are completely preempted by the Federal Railroad Safety Act, 49 U.S.C. §§ 20101–20153 ("FRSA"). In a limited class of cases a complaint may arise under federal law within the meaning of 28 U.S.C. § 1331 even if a complaint asserts no claim for relief under federal law where state law is "completely preempted" by federal law. Complete preemption occurs when "the preemptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Nelson v. Stewart*, 422 F.3d 463, 466–67 (7th Cir.2005) (quoting *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* at 467. "In such situations, the federal statute ... not only preempt[s] state law but also authorize[s] removal of actions that sought relief only under state law." *Id.* Importantly, in this Circuit complete preemption occurs only when a federal statute furnishes an exclusive federal remedy. In *Rogers v. Tyson Foods, Inc.*, 308 F.3d 785 (7th Cir.2002), the court explained,

As this circuit interprets the law, the ... ability to bring suit under [federal law] is an element of ... complete preemption .... Logically, complete preemption would not be appropriate if a federal remedy did not exist in the alternative. Otherwise, a plaintiff would be forced into federal court with no relief available for ... vindicating the same interest .... Preemption is what wipes out state law, but the foundation for removal is the creation of federal law to replace state law .... Accordingly, ... unless the federal law has created a federal remedy—no matter how limited—the federal law, of necessity, will only arise as a defense to a state law action ... and will thus not give rise to the federal question jurisdiction underlying complete preemption.

*Id.* at 788. In short, "the existence of a private right of action under federal law is an antecedent of complete preemption." *Id.*

■■■■■ Turning then to the question of whether the FRSA establishes complete preemption so as to permit removal, it clearly does not. It is true of course that federal regulations promulgated pursuant to the FRSA preempt, that is, extinguish, a variety of state-law tort claims arising from railroad grade-crossing collisions. *See* 49 U.S.C. § 20106 (providing that "[a] State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the State requirement."); *Norfolk S. Ry. Co. v. Shanklin*, 529 U.S. 344, 353–54, 120 S.Ct. 1467, 146 L.Ed.2d 374 (2000) (citing 23 C.F.R. § 646.214(b)(3) and (4)) (if federally-approved warning devices

have been actually installed with federal funds at a crossing and are operating at the time of a collision, this mandates dismissal of any claim under state law that the crossing should have been equipped with additional or different warning devices. However, this fact merely establishes conflict preemption, not complete preemption such as to create federal subject matter jurisdiction. "[F]ederal preemption that merely serves as a defense to a state law action (sometimes called 'conflict preemption') does not confer federal question jurisdiction. Thus the defendant cannot cause a transfer to federal court simply by asserting a federal question in his responsive pleading." *Rice v. Panchal,* 65 F.3d 637, 639 (7th Cir.1995) (citations omitted). *See also Lister v. Stark,* 890 F.2d 941, 943 n. 1 (7th Cir.1989) ("[A] case must be remanded to state court if the sole basis for federal jurisdiction is a preemption defense and if the federal court finds that the preemption is insufficiently complete to confer federal question jurisdiction.").

Because the FRSA affords Plaintiffs no federal remedy, this case is not removable to federal court pursuant to the complete preemption doctrine. *See Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 575–76 (5th Cir.2004) (an assertion of FRSA preemption of a plaintiff's state-law claims based on the inadequacy of warning devices at a crossing where federally-funded warning devices were installed and operating, as well as negligent delay in installing warning devices following federal approval of the devices, did not create federal question jurisdiction); *Sullivan v. BNSF Ry. Co.,* 447 F.Supp.2d 1092, 1098–99 (D.Ariz. 2006) (the FRSA did not completely preempt state-law claims of negligence against a railroad based on failure to warn, failure to provide adequate sight distance, and failure to sound an adequate whistle at a crossing where a collision occurred; notwithstanding the statute's express preemp-

tion of conflicting state laws, the FRSA furnished no federal remedy for the plaintiffs' claims); *Nippon Yusen Kaisha v. Union Pac. R.R. Co.,* No. CV048861GAF, 2005 WL 1241866, at *1 (C.D.Cal. May 10, 2005) (holding that "the FRSA contains no express or implied cause of action authorizing suit by a private individual."); *Kelley v. Norfolk & S. Ry. Co.,* 80 F.Supp.2d 587, 590–92 (S.D.W.Va.1999) (remanding a railroad employee's action against a railroad for infliction of emotional distress on the grounds that it was not completely preempted by the FRSA); *Duncan v. Kansas City S. Ry. Co.,* No. 98–0367, 1998 WL 35069621, at *2–4 (W.D.La. April 7, 1998) (state-law claims of negligence arising from a grade-crossing collision were not completely preempted by the FRSA); *Civil City of South Bend, Ind. v. Consolidated Rail Corp.,* 880 F.Supp. 595, 598–99 (N.D.Ind.1995) (no federal question jurisdiction of a city's declaratory judgment action seeking to establish that its ordinances were not preempted by the FRSA). Therefore, the Court turns to the matter of whether Plaintiffs' complaint presents a substantial question of federal law.

The "substantial federal question" doctrine provides generally that "[e]ven though state law creates [a plaintiff's] cause of action, its case still might 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. 2841. In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), the Court held that a case is removable in federal question jurisdiction, notwithstanding the absence of a federal claim for relief stated on the face of a complaint or complete preemption,

when: (1) "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial"; and (2) a federal forum may entertain the case "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314, 125 S.Ct. 2363. Since *Grable,* the Supreme Court has characterized the category of cases removable based upon the substantial federal question doctrine as "special," "small," and "slim." *Empire Healthchoice Assurance, Inc. v. McVeigh,* —— U.S. ——, —— – ——, 126 S.Ct. 2121, 2136–37, 165 L.Ed.2d 131 (2006). In this case, the only question of federal law that appears on the face of Plaintiffs' complaint is a federal regulation that provides:

> Each gate arm, when in the downward position, shall extend across each lane of approaching highway traffic and shall be maintained in a condition sufficient to be clearly viewed by approaching highway users. Each gate arm shall start its downward motion not less than three seconds after flashing lights begin to operate and shall assume the horizontal position at least five seconds before the arrival of any normal train movement through the crossing. At those crossings equipped with four quadrant gates, the timing requirements of this section apply to entrance gates only.

49 C.F.R. § 234.223. Plaintiffs contend that Defendants' alleged violation of this regulation constitutes negligence per se under Missouri law. It is clear that, under *Grable,* Plaintiffs' invocation of a lone federal regulation as an element of a state-law tort claim is insufficient to establish a substantial federal question for purposes of subject matter jurisdiction.

In *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the Court held that a plaintiff's allegations that a drug was misbranded in violation of federal law, and that the violation both created a rebuttable presumption of negligence and directly caused the injuries at issue, failed to create federal question jurisdiction. *See id.* at 805–07, 106 S.Ct. 3229. The Court concluded that such allegations established only "the presence of a federal issue in a state-created cause of action" that was "insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 810, 814, 106 S.Ct. 3229. The Court specifically held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' " *Id.* at 817, 106 S.Ct. 3229 (quoting 28 U.S.C. § 1331). In *Grable* the Court upheld the continuing validity of *Merrell Dow,* explaining that the exercise of federal jurisdiction over state-law tort claims based on violations of federal standards, in the absence of a federal right of action, would be enormously disruptive of the proper division of labor as between federal and state courts:

> One only needed to consider the treatment of federal violations generally in garden variety state tort law .... The violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings .... A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," *Merrell Dow* thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating fed-

eral law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] ... under state law" .... *Merrell Dow's* analysis thus fits within the framework of examining the importance of having a federal forum for the issue, and the consistency of such a forum with Congress's intended division of labor between state and federal courts.

545 U.S. at 318–19, 125 S.Ct. 2363 (quoting *Merrell Dow*, 478 U.S. at 811–12, 106 S.Ct. 3229). The Court explained that "exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues. For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases." *Id.* at 318, 125 S.Ct. 2363.

 This state-law tort case in which a violation of a federal regulation is asserted merely as an element of a negligence claim is unmistakably of the kind that, absent federal subject matter jurisdiction in diversity, belongs in state court so as not to "materially affect, or threaten to affect, the normal currents of litigation." *Grable*, 545 U.S. at 319, 125 S.Ct. 2363. As both *Merrell Dow* and *Grable* make clear, a plaintiff's invocation of federal law as the source of a duty under state law is simply insufficient to create federal question jurisdiction. *See Peters v. Union Pac. R.R. Co.*, 455 F.Supp.2d 998, 1005 (W.D.Mo. 2006) (in a wrongful death action arising from a grade-crossing collision, holding that allegations that the defendants violated regulations promulgated under the FRSA did not create a substantial federal question: "To find federal question jurisdiction under these circumstances would open the floodgates to the garden variety torts that the United States Supreme Court, in *Merrell Dow*, specifically said should not be in federal court."); *Connolly v. Union Pac. R.R. Co.*, 453 F.Supp.2d 1104, 1109–11 (E.D.Mo.2006) (a plaintiff's complaint referencing a federal regulation regarding railroad grades and crossings and the federal Manual on Uniform Traffic Control Devices for railroad grades and crossings did not create a federal question such as to permit removal of a wrongful death action from state court, where such federal authorities were merely a means of establishing duty as an element of a negligence claim under Missouri law); *Sullivan*, 447 F.Supp.2d at 1097 (in a suit arising from a grade-crossing collision in which violations of regulations promulgated under the FRSA were alleged as elements of state-law tort claims, holding that "there is no substantial federal interest in a wrongful death state claim based on negligence when federal regulations are only cited to assist in establishing a standard by which to measure the negligence."). *See also Yarbrough v. Avco Corp.*, Civil No. 3:06–0730, 2006 WL 2946447, at *2–3 (M.D.Tenn. Oct. 10, 2006) ("garden-variety product liability claims" arising from an airplane crash that raised issues regarding the defendant's compliance with Federal Aviation Administration ("FAA") regulations did not present a substantial federal question); *XL Specialty Co. v. Village of Schaumburg*, No. 06 C 2299, 2006 WL 2054386, at *3 (N.D.Ill. July 20, 2006) (in a state-law negligence case in which the plaintiff alleged that the defendant breached the duty of care set forth in an FAA Advisory Circular, holding that the fact that the plaintiff "imports a federal standard of negligence as an element to its state tort recovery is insufficient to create a substantial issue of federal law."); *Glorvigen v. Cirrus Design Corp.*, No. 05–2137 (PAM/RLE), 05–2138 (PAM/RLE), 2006 WL 399419, at *2–3 (D.Minn. Feb. 16, 2006) (state-law claims

alleging violations of federal regulations did not raise a substantial federal question); *City of Beatrice v. Aquila*, No. 4:05CV3284, 2006 WL 208831, at *4 (D.Neb. Jan. 25, 2006) (holding that a suit for rescission of a land contract which implicated a federal regulatory scheme did not arise under federal law: "[W]hile federal regulatory law may (or may not) impact the remedy available to the city in its suit against the defendants, the application and meaning of federal law is not a central element of the city's lawsuit, nor does it raise a substantial, disputed issue of significant federal law."); *Sarantino v. American Airlines, Inc.*, No. 4:05MD1702 JCH, 2005 WL 2406024, at *8 (E.D.Mo. Sept. 29, 2005) finding no federal question jurisdiction where "this case involves state tort claims resting only in part on the allegation that Defendants may have violated federal aviation standards."; *Wandel v. American Airlines, Inc.*, No. 4:05MD1702 JCH, 2005 WL 2406017, at *8 (E.D.Mo. Sept. 28, 2005) (a state-law negligence action alleging violations of FAA regulations did not present a substantial federal question).

To conclude, Plaintiffs' motion for remand (Doc. 12) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction. The status conference scheduled to be held in this case on January 4, 2007, at 9:00 a.m. is **CANCELLED**.

**IT IS SO ORDERED.**